IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:21-CR-053-Z |
| YOBANI ALEXANDER RAMOS IRAHETA | |

## FACTUAL RESUME

In support of Yobani Alexander Ramos Iraheta's plea of guilty to the offense in Count Two of the indictment, Iraheta, the defendant, Eric Coats, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly possessed a controlled substance;

*Second.*  That the substance was in fact methamphetamine; and

*Third.*   That the defendant possessed the substance with the intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019 ed.).

**Yobani Alexander Ramos Iraheta**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. Yobani Alexander Ramos Iraheta admits and agrees that on or about February 26, 2021, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On February 26, 2021, a Texas Department of Public Safety trooper was on routine patrol on Interstate Highway 40 in Oldham County, Texas. The trooper observed a Toyota commit two traffic violations, namely, following too closely and cutting in after passing. The trooper ran the vehicle's license plate number and determined the vehicle was a rental. Based on observing the traffic violations, the trooper initiated a traffic stop.

3. Before initiating the traffic stop, the Toyota exited IH-40 and stopped at a rest area. The trooper contacted Iraheta, the driver and sole occupant of the vehicle, and explained the reason for the stop. The trooper asked Iraheta questions about the vehicle being a rental and his purpose of travel. Due to Iraheta's behavior and his answers to the trooper's questions, the trooper believed Iraheta was exhibiting signs of criminal activity and asked for consent to search the vehicle. Iraheta gave the trooper consent to search.

4. During the consent search, the trooper found multiple green plastic wrapped bundles of suspected narcotics inside the trunk. After the trooper located the suspected narcotics, Iraheta attempted to evade on foot, but immediately stopped and was arrested. The trooper *Mirandized* Iraheta who agreed to speak with DEA agents.

5. Agents with the Drug Enforcement Administration responded and re-*Mirandized* Iraheta. He agreed to speak with agents. Iraheta told agents that he was instructed to drive the vehicle to Arkansas and take money back to Phoenix. He told agents that he would be paid for the trip when he returned from Arkansas. Iraheta stated that he knew something illegal was in the vehicle and that was the reason he was being paid but did not know exactly what it was. During the interview, Iraheta gave agents consent to search his cell phone. Agents observed evidence of drug trafficking on Iraheta's cell phone.

6. During a further vehicle search at the Sheriff's Office, troopers found twelve bundles of suspected narcotics in the trunk and three bundles behind the rear seat.

7. The suspected methamphetamine located in the vehicle was sent to the DEA South Central Laboratory. On March 26, 2021, the DEA South Central Laboratory confirmed that the substance was in fact methamphetamine, a Schedule II controlled substance, with a net weight of 6,543 grams at 52% purity. This quantity of methamphetamine indicates that it was intended for further distribution and not the defendant's personal use.

8. Iraheta admits that he knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

9. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

AGREED TO AND STIPULATED on this 16th day of August, 2024.

_____
Yobani Alexander Ramos Iraheta
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
MORGAN CASEY
Assistant United States Attorney
Texas State Bar Number 24104504
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:  806-324-2356
Facsimile:   806-324-2399
E-mail:       morgan.casey@usdoj.gov

_____
Eric Coats
Attorney for Defendant

_____
JOSHUA FRAUSTO
Attorney-in-Charge